## Commonwealth v. Schillinger

*Robert W. Trembath,* district attorney, for Commonwealth.

*David R. Hobbs,* for defendant.

FARR, P. J., February 3, 1947.—On December 12, 1946, we ordered a writ of certiorari to the justice of the peace, J. H. Hadsall, to send up the record in this conviction, in order that we might review the same.

The writ is not attached to the justice's return but appears to have been issued on December 12th and served by the sheriff on December 30th. Writs of certiorari must be served immediately in order to give the justice an opportunity to prepare his record and send it up to the first day of the term. So far as we can ascertain the record has never been sent to the clerk. At any rate, it was not filed, and there is no evidence before us as to how it got to us, except that it was handed in at the time of the argument. In the future this will not be tolerated. The burden is on counsel to see to it that the sheriff and justices observe the command of the writ and perform their duties. The writ commands the justice to send the proceedings to the prothonotary of this court.

The exceptions are: 1. "Notice to appear was not given to defendant in accordance with the Act of Assembly." 2. "The transcript is defective in that it does not show that the evidence required by the act of assembly for a conviction of the offense charged was introduced at the hearing." The latter we dismiss without further consideration than the fact that the record shows the officer was called and swore that the information contained in the complaint was true and upon reference to the complaint it appears that appellant was charged with traveling at the rate of 70 miles per hour on the highway and that this was ascertained by the correct tests.

The first complaint, however, is more serious. Section 1202 of the Act of May 1, 1929, P. L. 905, as amended, provides that "Summary proceedings under this act, . . . shall be commenced by the filing of in-

formation, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

The notice is dated November 13th and says: "information has been lodged against you before the undersigned a Justice of the Peace in and for said county, a true and correct copy of information is hereto attached and made a part hereof. You are hereby notified that if you do not voluntarily appear at my office at Beaumont, Wyoming County Pa November 27 at 2 o'clock P.M., which is within ten days after the date of this legal notice, a warrant for your arrest will be served as provided by law."

It will therefore be seen that the time of appearance was within 14 days of the date of the notice instead of 10. It is argued by the district attornoy that this provision of the act of assembly is not a fundamental requirement, but in fact gave appellant more time and was more favorable to him than the law required.

While we are willing to concede that this might be true in the present case, if we affirmed this judgment we would invite justices to notify defendants to appear within 10 days and then fix the alternative time one year or two years thereafter. This would completely destroy the purpose of the act beside attempting to break down a rather rigid practice which the legislature in its wisdom prescribed.

Upon the necessity of following the directions of the act of assembly, in Commonwealth v. Foulk, 41 D. & C. 472, Schaeffer, P. J., held that the notice served

by a constable instead of by registered mail as prescribed by the act was a fatal defect, and thereupon quashed the proceedings. Sheely, P. J., in Commonwealth v. Bennett, 32 D. & C. 542, said: "If the Justice of the Peace fails to give the notices required by Section 1202 of The Vehicle Code, as amended, 75 PS §732, he does not have jurisdiction: Commonwealth v. Myers, 40 Dauph. 215 (1935). This is true even though defendant waives a hearing before the justice of the peace and enters bail for court, . . ."

Accordingly we hold that the notice which gave appellant the alternative to appear within 10 days or 14 days, was improper and illegal. A proper notice served in accordance with the provisions of the act, being one of the jurisdictional requirements, there was nothing to sustain the warrant and therefore the justice was without jurisdiction of the person of defendant.

Therefore, now, to wit, February 3, 1947, the judgment is reversed and defendant is discharged, county to pay the costs.